IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IKE'S AIR CONDITION, INC., | § | CASE NO. 24-50460-MMP |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**MOTION TO AUTHORIZE PAYMENT OF PRE-PETITION WAGES, SALARIES, COMMISSIONS, REIMBURSABLE EMPLOYEE EXPENSES AND BENEFITS IN THE ORDINARY COURSE OF BUSINESS**

**TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:**

Now comes Ike's Air Condition, Inc., the Debtor-in-possessin herein, which files its Motion to Authorize Payment of Pre-Petition Wages, Salaries, Commissions, Reimbursable Employee Expenses and Benefits in the Ordinary Course of Business (the "Motion"), and would respectfully show the Court the following:

1. This Motion is filed pursuant 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 6003 and 6004.

2. On March 24, 2024 (the "Petition Date"), Ike's Air Condition, Inc. (the "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of Title 11, United States Code.

3. The Debtor has remained in possession of its assets and is now operating its business as a debtor-in-possession.

4. Prior to, and after the filing of this Chapter 11 case, the Debtor has conducted business as a heating and air condition sales and service company in Northwest Bexar County.

**Relief Requested**

5. As a consequence of the filing of its bankruptcy case, Debtor is prohibited from paying claims that arose prior to the Petition Date absent specific court authorization. This

1

prohibition applies to, among other things, amounts owed to, or on behalf of, the Debtor's employees relating to salaries, wages, commissions, bonuses, benefits and reimbursable business expenses incurred immediately before the bankruptcy filing. As of the Petition Date herein, the only sums owing to the Debtor's employees other than accrued vacation, were the wages and salaries which had accrued pre-petition but were due to be paid subsequent to the Petition Date in the ordinary course of business. Because the Debtor's employees are paid weekly on Fridays, the sums which are the subject of this request are at most three days' worth of accrued but unpaid wages for each of the Debtor's employees. This Motion seeks to obtain court authorization to pay such sums and to maintain any post-petition insurance or benefit plans that may have been in place pre-petition.

6. Prior to the Petition Date, the Debtor employed approximately 14 full and part-time employees. The Debtor employs both salaried and hourly employees. The Debtor's employees were not and are not represented by any union. Debtor's principal believes that its relations with its employees are good. In order for the Debtor to preserve its business and assets and ultimately successfully reorganize, it will be necessary to retain the services of its employees. Accordingly, it is essential that any undue hardships that its employees may suffer as a consequence of the Chapter 11 filing be minimized and that employee morale be maintained. In that regard, Debtor's employees have pre-petition claims against the Debtor that include wages and salaries, premiums related to employee health and/or life insurance and disability coverage, vacation-pay and sick leave pay, payroll deductions and related employer co-contributions to custodial accounts (collectively, the "Pre-Petition Employee Claims"). The Pre-Petition Employee claims arise primarily from employees' services rendered for the time period of March 21, 2024 through March 23, 2024.

7. Pursuant to §549(a)(2)(B) of the Bankruptcy Code, Debtor may not pay pre-petition claims without Court approval. However, the Court has the power to permit a debtor-in-possession to pay certain pre-petition indebtedness prior to ultimate distribution to other creditors under a plan of reorganization. This Court's general equitable powers are codified in §105(a) of the Bankruptcy Code which authorizes the Court to "issue an order, process or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re: Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (*citing Miltenberger v. Logansport, Central and Southwest Railroad Co.*, 106 U.S. 286 (1882)). Such use of the Court's equitable powers, commonly referred to as the "doctrine of necessity" or the "necessity of payment rule," is not new; its purpose to preserve the debtor as a going concern. *National Labor Relations Board v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984).

9. Under §105(a) of the Bankruptcy Code, a court "can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re: NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (*citing Ionosphere*, supra at 176).

10. Continuous and uninterrupted employee support is imperative to the Debtor's reorganization. The payment of the Pre-Petition Employee Claims as requested herein is essential to assure such result.

11. By this Motion, Debtor seeks authority to pay the Pre-Petition Employee Claims none of which exceeds the amount of Thirteen Thousand Six Hundred Fifty and 00/100ths Dollars ($13,650.00) per employee prescribed by 11 U.S.C. §507(a)(4). In fact, the largest amount requested for a single employee is only $815.00.

12. The "necessity of payment" rule "recognizes the existence of the judicial power to authorize a debtor in reorganization cases to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *Ionosphere Clubs*, supra at 176; *Michigan Bureau of Worker's Disability Compensation v. Chateaugay Corp.* (*In re: Chateaugay Corp.*), 80 B.R. 279 (S.D.N.Y. 1987). This rule is consistent with the paramount goal of chapter 11, i.e., "facilitating the continued operation and rehabilitation of the debtor ..." *Ionosphere Club*, 98 B.R. at 176. Since the claims are granted priority under 507(a)(4) of the Bankruptcy Code, the Debtor believes these payments are not only proper and appropriate but clearly contemplated by the Bankruptcy Code. The Debtor has the ability to make these payments, subject to the Court's approval of this Motion.

13. The Debtor believes that these payments are necessary and critical to its efforts to reorganize and that the payments are reasonable, especially when compared with the importance and necessity of the services of the Debtor's employees and the losses the Debtor will suffer if those amounts are not paid.

14. Debtor currently estimates that this total prepetition unpaid Pre-Petition Employee Claims for employee's services provided before the Petition Date will be, as set forth in Exhibit "A" attached hereto and incorporated herein, approximately $8,740.17, which amount represents the gross wages due and the employer's portion of social security and medicare payroll taxes. The attached exhibit identifies all employees who are the subject of this motion, including two insiders, being William Eisenhauer (President of the Debtor) and Mercedes Eisenhauer (who assists with clerical work for the Debtor).

15. In addition, the Debtor may owe certain employees for accrued "paid day off" or vacation liabilities that were incurred prior to the Petition Date. With respect to the accrued and

4

unused vacation liabilities, Debtor requests authority to allow its employees to use such accrued "paid days off" or vacation, if any.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that the Court enter an order granting the relief requested herein for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

LAW OFFICE OF H. ANTHONY HERVOL
22211 IH-10 West, Suite 1206-168
San Antonio, Texas 78257
(210) 522-9500
(210) 522-0205 (Fax)
Email: hervol@sbcglobal.net

By:_ /s/ H. Anthony Hervol_____
    H. Anthony Hervol
    State Bar No. 00784264
    Attorney for Debtor-in-possession

## **CERTIFICATE OF SERVICE**

       I do hereby certify that a true and correct copy of the above and foregoing Motion will be served upon the parties listed below by the methods indicated hereunder, and to the parties on the attached mailing list (unless such parties are also listed on this Certificate), by United States Mail, First Class Delivery, postage prepaid, on this _25th_ day of March, 2024.

**DEBTOR:**
Ike's Air Condition, Inc.
c/o William H. Eisenhauer, III
5504 Bandera Road, Suite 208
San Antonio, Texas 78238
*Via Electronic Mail, with consent*

**SUBCHAPTER V TRUSTEE:**
Not yet appointed

**UNITED STATES TRUSTEE:**
Office of the U.S. Trustee
615 E Houston Street, Ste 533
San Antonio, TX 78205
*Via the Court's ECF Filing System*

                                                _/s/ H. Anthony Hervol_____
                                                H. Anthony Hervol

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 24-50460-mmp<br>Western District of Texas<br>San Antonio<br>Sun Mar 24 23:24:31 CDT 2024 | Ike's Air Condition, Inc.<br>5504 Bandera Road, Suite 208<br>San Antonio, TX 78238-1948 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 |
| Ally Financial<br>P.O. Box 380902<br>Minneapolis, MN 55438-0902 | Attorney General of the United States<br>Main Justice Building, Room 5111<br>10th and Constitution Ave., N.W.<br>Washington, DC 20530-0001 | (p)LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>ATTN DON STECKER<br>112 E PECAN<br>SUITE 2200<br>SAN ANTONIO TX 78205-1588 |
| Capital One<br>P.O. Box 60518<br>City of Industry, CA 91716-0518 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Forward Finance<br>53 State St Fl 20<br>Boston, MA 02109-2820 |
| Headway<br>175 W. Jackson Blvd, Suite 1000<br>Chicago, IL 60604-2863 | Internal Revenue Service - Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Kapitus Funding<br>120 West 45th Street<br>New York, NY 10036-4195 |
| Legend Funding<br>800 Brickell Avenue Suite 902<br>Miami, FL 33131-2966 | Nissan Motor Acceptance Corp.<br>P.O. Box 740849<br>Cincinnati, OH 45274-0849 | (p)SEQUIUM ASSET SOLUTIONS LLC<br>1130 NORTHCHASE PKWY<br>SUITE 150<br>MARIETTA GA 30067-6429 |
| Spectrum Business<br>P.O. Box 60074<br>City of Industry, CA 91716-0074 | Stellantis Financial Services Inc.<br>P.O. Box 717<br>Wilmington, OH 45177-0717 | TIMCO Bandera EPA, LLC<br>11075 Santa Monica Blvd, Ste. 250<br>Los Angeles, CA 90025-7592 |
| United States Attorney/IRS<br>601 N.W. Loop 410, Suite 600<br>San Antonio, TX 78216-5597 | United States Trustee<br>615 E Houston Street, Ste 533<br>San Antonio, TX 78205-2055 | United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>San Antonio, TX 78205-2055 |
| H. Anthony Hervol<br>Law Office of H. Anthony Hervol<br>22211 IH-10 West<br>Suite 1206-168<br>San Antonio, TX 78257-1742 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bexar County<br>c/o Linebarger, Goggan Blair & Sampson,<br>112 E. Pecan Avenue, Suite 2200<br>San Antonio, TX 78205 | Chase Ink<br>P.O. Box 6294<br>Carol Stream, IL 60197-6294 | Sequium Asset Solutions, LLC<br>1130 Northchase Parkway, Suite 150<br>Marietta, GA 30067 |

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21

**Exhibit "A"**

| Employee | Total Pay (3 days) |
|---|---|
| F. Galaviz | $600 |
| F. Galaviz, Jr. | $453 |
| R. Martinez | $600 |
| B. Watson | $600 |
| P. Mancillas | $600 |
| T. Sanchez | $456 |
| M. Martinez | $480 |
| Z. Vasquez | $456 |
| R. Gutierrez | $720 |
| S. Olivas | $600 |
| M. Mares | $600 |
| C. Munoz | $300 |

| Insiders | Total Pay |
|---|---|
| William Eisenhauer | $815 |
| Mercedes Eisenhauer | $300 |